Case 3:15-cv-00175   Document 15   Filed in TXSD on 11/09/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ERIC D. STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-175 |
| | § | |
| ERNEST GUTIERREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Eric D. Stewart (TDCJ #01209188) has filed a complaint under 42 U.S.C. § 1983, alleging that his right to procedural due process was violated when some of his property was lost during a transfer from one prison unit to another. The Court has examined Stewart's complaint pursuant to 28 U.S.C. § 1915A and will now dismiss his claims without prejudice to his right to sue in state court.

I.   BACKGROUND

Stewart alleges that he was transferred from the Garza Unit in Bee County to the Darrington Unit in Brazoria County on April 22, 2014 (Dkt. 1 at p. 7). Not all of his property made it to Darrington, however; some food, workout clothes, and toiletry items came up missing (Dkt. 1 at pp. 7, 13). Stewart pursued administrative remedies through the prison grievance system and was offered a property settlement of $40.00 (Dkt. 1 at pp. 7–8). *See* TEX. GOV'T CODE §§ 501.007, 501.008 (providing that an inmate may recover up to $500.00 on a claim that the prison system lost or damaged the inmate's

personal property). Believing the missing property to be worth $120.75, Stewart declined the $40.00 offer and filed this lawsuit (Dkt. 1 at pp. 7–8).

## II. LOST PROPERTY AND PROCEDURAL DUE PROCESS

A random and unauthorized deprivation of property by state officials, whether negligent or intentional, does not rise to the level of a constitutional violation or a cognizable claim under Section 1983 if state law provides an adequate post-deprivation remedy. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). The burden is on the plaintiff to show that the State's post-deprivation remedies are inadequate. *Id*. Even leaving aside the property-loss remedies provided by the Government Code, the tort of conversion generally constitutes an adequate remedy in Texas. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

The ability to sue for damages in state court forecloses Stewart's Section 1983 claim. *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The Court will **DISMISS** Stewart's claims **without prejudice** to his right to sue in state court. *See Loftin v. Thomas*, 681 F.2d 364, 364–65 (5th Cir. 1982). All pending motions are **DENIED**.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 9th day of November, 2016.

_____
George C. Hanks Jr.
United States District Judge